SUMMARY ORDER

Fnu Harry, a native and citizen of Indonesia, seeks review of an August 21, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Fnu Harry, No. A096 427 139 (B.I.A. Aug. 21, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially “changed circumstances arising in the country of nationality.” 8 C.F.R. § 1003.2(e)(3)(ii). Here, the BIA did not abuse its discretion in denying Harry’s April 2008 motion to reopen as untimely, where it was filed more than a year after the BIA’s September 2008 final order. See 8 C.F.R. § 1003.2(c)(2). Moreover, Harry declines to challenge the BIA’s finding that he did not demonstrate changed circumstances in Indonesia excus *737 ing the untimely filing of his motion to reopen before this Court.
Instead, Harry argues that the BIA erred in denying his motion to the extent it was based on an alleged change of law articulated in Mufied v. Mukasey, 508 F.3d 88 (2d Cir.2007). However, a change in law would not excuse the untimely filing of his motion to reopen. See 8 C.F.R. § 1003.2(c)(3). Additionally, to the extent the BIA declined to reopen Harry’s removal proceedings sua sponte, this Court lacks jurisdiction over that decision because it is “entirely discretionary.” Ali, 448 F.3d at 518; 8 C.F.R. § 1003.2(a). To the extent Hairy challenges that aspect of the BIA’s decision, we dismiss the petition for review.
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).